UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RASZELL REEDER,

                              Plaintiff,

           v.                                      9:17-CV-0016
                                                      (BKS/ATB)

ANTHONY ANNUCCI; et al.,

                              Defendants.

APPEARANCES:

RASZELL REEDER
94-A-6388
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

Plaintiff Raszell Reeder filed his pro se complaint in this action in January 2017 seeking to pursue claims for the violation of his constitutional rights which span his twenty-three years of confinement in the custody of the Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl.").

In a Decision and Order filed April 11, 2017, this Court granted plaintiff's in forma pauperis application and reviewed the sufficiency of his claims in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 6 ("April Order"). On the basis of that review, and for the reasons stated in the April Order, the Court concluded several of plaintiff's claims

were duplicative of claims asserted by plaintiff in three prior pending actions. *Id*. at 11-22.[1] Plaintiff's remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id*. at 22-35. In light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint if he wished to avoid dismissal of this action. *Id*. at 35-37.

Plaintiff duly filed an amended complaint, which is before the Court for review. *See* Dkt. No. 9 ("Am. Compl.").

## II. DISCUSSION

In his original fifty-five page complaint, plaintiff asserted claims of misconduct and wrongdoing against sixty-three individuals which arose out of his confinement at eight DOCCS correctional facilities and Marcy Psychiatric Center. *See generally* Compl. Construed liberally in light of plaintiff's pro se status, the complaint set forth claims for the violation of his rights protected under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution, as well as claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794. April Order at 10-11.

Plaintiff's amended complaint is written in extremely small print on a five page form civil rights complaint. *See* Am. Compl.[2] Forty-four individuals are listed as defendants in the

---

[1] *See Reeder v. Bell*, No. 9:15-CV-1078 (MAD/TWD) (N.D.N.Y. filed Sept. 3, 2015); *Reeder v. Koenigsmann*, No. 9:16-CV-1129 (GTS/TWD) (N.D.N.Y. filed Sept. 16, 2016); and *Reeder v. Annucci*, No. 9:16-CV-1161 (MAD/DJS) (N.D.N.Y. filed Sept. 23, 2016).

[2] The Court has used its best efforts to read the entire amended complaint in order to ascertain the names of the defendants and the facts alleged. Plaintiff is advised that his submissions to the Court must be legible in order for his claims to be properly addressed.

amended complaint. *Id*. at 1-2.³ Like the original complaint, the facts alleged in the amended complaint span plaintiff's confinement at numerous correctional facilities during his years in DOCCS custody. *Id*. at 2-4. Liberally construed, the amended complaint reasserts the following claims alleged in the original complaint: (1) Eighth Amendment claims that plaintiff was denied proper and adequate medical and mental health care for more than twenty years; (2) Eighth Amendment excessive force and failure to intervene claims arising out of three separate incidents; (3) Eighth Amendment conditions of confinement claims arising at Upstate C.F.; (4) First Amendment retaliation claims; and (5) claims that supervisory officials failed to properly investigate plaintiff's grievances and complaints.⁴ The amended complaint also asserts a claim that plaintiff was disciplined without due process at a hearing conducted by Capt. Zerniak in November 2016 (the "November 2016 Hearing"). *Id*. at 2.⁵

As noted above, several of the claims in the original complaint were found to be duplicative and repetitive of claims asserted by plaintiff in prior actions. April Order at 11-22. More specifically, plaintiff's claims that he has been denied proper and adequate medical and mental health care for more than twenty years, that he was subjected to excessive force on

---

³ All of the named defendants were named in the original complaint. *See* Compl. at 1-4. Individuals referred to in the body of the complaint but not identified as defendants in the caption or description of the parties are not considered to be defendants. *See* April Order at 5 n.5.

⁴ The Court does not read the amended complaint to reassert plaintiff's First Amendment claims that his mail was interfered with and he was denied access to the courts, or his claims of disability-based discrimination under either the ADA or the Rehabilitation Act. Upon initial review, these claims were dismissed for failure to state a claim upon which relief may be granted. *See* April Order at 26-28, 33-35.

⁵ In the original complaint, plaintiff asserted due process claims arising out of disciplinary hearings in April and November 2015. *See* Compl. at 9-13. These claims are not reasserted in the amended complaint although, as noted below, it is possible that the November 2015 hearing is misidentified in the amended complaint as having occurred in November 2016.

April 8, 2015, and November 2, 2015, and that he has been confined under unconstitutional conditions of confinement were dismissed in favor of the prior pending actions. *Id*. Upon review of the amended complaint, the Court finds that while plaintiff has reasserted these claims in that pleading, he has not alleged additional facts or otherwise made any showing which even suggests that these claims should be allowed to proceed. As a result, and for the reasons set forth in the April Order, these claims are dismissed.

Plaintiff has also reasserted in his amended complaint several claims which were dismissed for failure to state a claim upon which relief may be granted. The Court has reviewed these claims to determine whether or not plaintiff has cured the pleading deficiencies identified in the April Order.

With respect to plaintiff's claim that excessive force was used against him on October 31, 2015, because plaintiff has not cured the pleading deficiency identified in the April Order by naming his alleged attacker as a defendant in the amended complaint, *see* April Order at 23-24, this claim does not survive initial review and is dismissed.

In the April Order, plaintiff was advised that the mere characterization of a defendant's conduct as "retaliation" does not suffice to state a claim for the violation of his First Amendment rights. *See* April Order at 28-30. As the Court stated, "[a]nalysis of retaliation claims . . . requires thoughtful consideration of the protected activity in which the inmate plaintiff has engaged, the adverse action taken against him or her, and the factual allegations tending to link the two." *Id*. at 29. Upon review of the amended complaint, the Court finds that while plaintiff realleges that he was subjected to "retaliation," he has not alleged facts which plausibly suggest that one or more of the defendants took adverse action against him in retaliation for his having engaged in identifiable instances of protected speech

4

or conduct. Based upon the foregoing, the Court finds that plaintiff's allegations in the amended complaint that he was retaliated against do not give rise to cognizable claims for the violation of his First Amendment rights.

As discussed in the April Order, claims that an inmate's complaints and grievances were not properly investigated and addressed by supervisors and officials are not cognizable in an action pursuant to Section 1983. *See* April Order at 30-32. In addition, where a plaintiff's underlying claims of unconstitutional conduct are found not to be cognizable, a supervisor's alleged personal involvement in that challenged conduct as a result of having received complaints and grievances does not give rise to an actionable claim. *Id*. at 32-33. In his amended complaint, plaintiff alleges that supervisors and officials at Upstate C.F. failed to properly investigate his complaints that excessive force was being used against him by staff. Upon review, and because plaintiff's Eighth Amendment claims set forth in the amended complaint do not survive the Court's initial review, the amended complaint affords no basis for finding that supervisors and officials were personally involved in actionable wrongdoing for purposes of Section 1983 liability. As a result, these claims are dismissed.

The Court has also considered the sufficiency of plaintiff's claim that he was denied due process at the November 2016 Hearing. Am. Compl. at 2. Liberally construed, plaintiff alleges that Capt. Zerniak was not fair and impartial because he found plaintiff guilty notwithstanding the fact that the videotape of the incident showed that plaintiff was pushed into his cell and then assaulted by corrections staff. *Id*.[6] Plaintiff further alleges that he was

---

[6] Plaintiff alleges that C.O. Maroney, C.O. Clemo, C.O. Lamico, and C.O. Ramsdell (not named defendants) were involved in the incident which gave rise to the disciplinary charges. *See* Am. Compl. at 2. The Court notes that there are several similarities between this incident and the alleged assault which occurred on November 2, 2015, complained of by plaintiff in his prior pleadings. *See* Compl. at 6-8, 44-45, 50; *see also Reeder v. Annucci*, 16-1161, Complaint (Dkt. No. 1) at 6. For example, plaintiff states in both complaints that he

5

sanctioned with two years of restricted confinement. *Id*. Upon review, the Court finds that plaintiff has alleged facts sufficient to plausibly suggest that he enjoyed a protected liberty interest in the November 2016 Hearing. As a result, a response to this claim is required from Capt. Zerniak. This is not a ruling on the merits and the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 9) is **ACCEPTED** for filing and shall be the operative pleading in this action; and it is further

**ORDERED** that plaintiff's Fourteenth Amendment due process claim against Capt. Zerniak arising from the November 2016 Hearing survives initial review and requires a response from this defendant; and it is further

**ORDERED** that all of plaintiff's remaining claims are **DISMISSED without prejudice** upon review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that Capt. Zerniak is the sole defendant in this action; the Clerk shall revise the docket to terminate all of the other named defendants; and it is further

**ORDERED** that upon receipt from plaintiff of the documents required for service of process, the Clerk shall (1) issue a summons and forward it, along with a copy of the

---

was pushed inside his cell by C.O. Maroney, and that C.O. Ramsdell kicked plaintiff while wearing boots and while plaintiff was handcuffed behind his back. *Id*. While the Court is aware of the possibility that plaintiff mistakenly identified the date of this disciplinary hearing and intended to reference the November 2015 hearing complained of in the original complaint, the amended complaint affords no clear basis upon which the Court can so conclude. Any issue with respect to the date of the challenged hearing may be addressed by defendant Capt. Zerniak in his response to the amended complaint.

amended complaint to the United States Marshal for service upon defendant Capt. Zerniak, and (2) forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the amended complaint be filed by defendant or his counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: July 13, 2017
        Syracuse, NY

Brenda K. Sannes
U.S. District Judge