UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RASZELL REEDER,

                              Plaintiff,

                                                                    9:17-CV-0016
              v.                                                    (BKS/ATB)

CAPTAIN ZERNIAK,

                              Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

RASZELL REEDER
94-A-6388
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN              MATTHEW P. REED, ESQ.
New York Attorney General                   Ass't Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

**DECISION and ORDER**

**I.      INTRODUCTION**

        Plaintiff Raszell Reeder filed his pro se complaint in this action in January 2017

seeking to pursue claims for the violation of his constitutional and statutory rights which span

his twenty-three years of confinement in the custody of the Department of Corrections and

Community Supervision ("DOCCS").  Dkt. No. 1 ("Compl.").

        In a Decision and Order filed April 11, 2017, this Court granted plaintiff's in forma

pauperis application and reviewed the sufficiency of his claims in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 6 ("April Order"). On the basis of that review, and for the reasons stated in the April Order, the Court concluded that several of plaintiff's claims were duplicative of claims asserted by plaintiff in three prior pending actions. *Id*. at 11-22.[1] Plaintiff's remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id*. at 22-35.

Plaintiff submitted an amended complaint which was received for filing on May 9, 2017. *See* Dkt. No. 9 ("Am. Compl."). Like the original complaint, the amended complaint alleged facts spanning plaintiff's confinement at numerous correctional facilities during his many years in DOCCS custody. *Id*. at 2-4. Forty-four individuals were named as defendants in the amended complaint. *Id*. at 1-2.[2]

In a Decision and Order filed July 13, 2017, the Court reviewed the sufficiency of the claims asserted in the amended complaint. *See* Dkt. No. 13 ("July Order").[3] Liberally construed, the amended complaint reasserted five claims alleged in the original complaint, and set forth an additional due process claim arising out of a hearing conducted by Capt. Zerniak in November 2016 (the "November 2016 Hearing"). *Id*. at 3.[4] Upon review, the

---

[1] *See Reeder v. Bell*, No. 9:15-CV-1078 (MAD/TWD) (N.D.N.Y. filed Sept. 3, 2015); *Reeder v. Koenigsmann*, No. 9:16-CV-1129 (GTS/TWD) (N.D.N.Y. filed Sept. 16, 2016); and *Reeder v. Annucci*, No. 9:16-CV-1161 (MAD/DJS) (N.D.N.Y. filed Sept. 23, 2016).

[2] All of the named defendants were named in the original complaint. *See* Dkt. No. 13 at 3 n.3.

[3] Review of plaintiff's handwritten amended complaint was difficult due to his extremely small print. July Order at 2.

[4] As discussed in the July Order, while it is possible that plaintiff mistakenly identified the date of this disciplinary hearing and intended to reference the November 2015 hearing complained of in the original complaint, the amended complaint afforded no clear basis upon which the Court could so conclude. *See* July Order at 5-6.

Court concluded that plaintiff's due process claim arising out of the November 2016 Hearing survived initial review and required a response; the remaining claims asserted in the amended complaint were dismissed without prejudice. *Id*. at 6.

An acknowledgment of service of the summons and amended complaint on Capt. Zerniak was filed on August 17, 2017. Dkt. No. 17. A motion to dismiss has been filed on behalf of Capt. Zerniak in response to the amended complaint. Dkt. No. 21.[5]

Presently before the Court is plaintiff's motion seeking reconsideration of the July Order. Dkt. No. 15.[6]

## II.    DISCUSSION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.)). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *Maye v. New York*, No. 10-CV-1260 (GLS/DRH), 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (citation omitted).

Generally, motions for reconsideration are not granted unless "the moving party can

---

[5]  Plaintiff's response to that motion is due September 25, 2017. Dkt. No. 22.

[6]  Plaintiff has also filed a notice of interlocutory appeal from the July Order to the Second Circuit Court of Appeals. Dkt. No. 16. "As a general rule, the filing of a timely notice of appeal divests a district court of jurisdiction over the action." *Stewart Park and Reserve Coalition, Inc. (SPARC) v. Slater*, 374 F. Supp.2d 243, 250 (N.D.N.Y. 2005) (collecting cases and citing, inter alia, *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992) (per curiam)). As one of several limited exceptions to this general rule, it is well established that a district court may entertain and deny a motion for amendment or reconsideration of an order notwithstanding the pendency of an appeal from that order. *Id*. at 251; *see also Toliver*, 957 F.2d at 49.

point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion to reconsider "is not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Reconsideration should be granted where necessary to correct for "clear error" or to "prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). A motion for reconsideration is not an opportunity to reargue that which was previously decided. *Shrader,* 70 F.3d at 257.

By his motion, plaintiff seeks reconsideration of several of the Court's rulings in the July Order regarding the sufficiency of his amended complaint. More specifically, plaintiff "objects" to the dismissal of the following Eighth Amendment claims as duplicative of claims asserted in his prior pending actions: (i) denial of proper and adequate medical and mental health care for more than twenty years as duplicative of claims asserted in *Reeder v. Koenigsmann*, 16-1129; (ii) excessive force and failure to intervene claims arising out of incident on April 8, 2015 as duplicative of claims asserted in *Reeder v. Bell*, 15-1078; and (iii) excessive force and failure to intervene claims arising out of incident on November 2015 as duplicative of claims asserted in *Reeder v. Annucci*, 16-1161. Dkt. No. 15 at 1-2.[7] Plaintiff also objects to and seeks reconsideration of the Court's ruling that claims against numerous supervisory officials for failing to properly investigate plaintiff's grievances and complaints related to those matters were not cognizable in this Section 1983 action. *Id.* at 2.

---

[7] Throughout his motion, plaintiff mistakenly refers to this action as "09-CV-0016." *See* Dkt. No. 15. Plaintiff's prior cases are correctly identified by their terminal digits, but the year of filing is generally incorrectly given as "09." *Id.*

4

Upon review, the Court finds that plaintiff does not contend that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Rather, plaintiff merely restates his belief that his claims have merit and that he should be permitted to pursue those claims in this action, notwithstanding his prior pending actions.[8]  Plaintiff's disagreement with the Court's rulings affords no basis for reconsideration of the July Order.  "[A] motion for reconsideration is not to be used for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Reeder v. Young*, No. 9:16-CV-1129 (GTS/TWD), 2017 WL 564526, at *2 (N.D.N.Y. Feb. 13, 2017) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted).

Based upon the foregoing, and a review of the relevant law and its application to the facts of this case, the Court concludes that the July Order was legally correct and did not work a manifest injustice on plaintiff.  As a result, plaintiff's motion for reconsideration is denied.

**III.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 15) seeking reconsideration of the July Order is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff by

---

[8]  As plaintiff was advised in the April Order, to the extent that claims were dismissed as repetitive and duplicative of prior pending claims, the Court did not determine whether plaintiff's allegations were sufficient to state a claim against one or more of the defendants upon which relief may be granted.  *See* April Order at 13 n.17.  Plaintiff was further advised that if he seeks to identify additional defendants in his pending actions or to otherwise amend those claims, his recourse is not to file a duplicative second action but, rather, to amend his pleading in the appropriate action.  *See* April Order at 16 n.19; 19 n.22.

regular mail; and it is further

      **ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the

unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron*

*v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

Dated:  September 12, 2017
       Syracuse, NY

Brenda K. Sannes
U.S. District Judge

6